

FILED

MAY 20 2011

ENTERED

MAY 20 2011

BANKRUPTCY COURT
DISTRICT OF CALIFORNIA
Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

STEVEN J. STANWYCK,

　　　　　　　　　　Debtor.

STEVEN J. STANWYCK,

　　　　　　　　　　Plaintiff,

v.

JUDY L. BOGEN, et al.,

　　　　　　　　　　Defendants.

Case No. 2:07-bk-19183-PC

Chapter 7

Adversary No. 2:10-ap-02982-PC

**MEMORANDUM DECISION**

Date:　February 1, 2011
Time:　9:30 a.m.
Place:　United States Bankruptcy Court
　　　　Courtroom # 1539
　　　　255 East Temple Street
　　　　Los Angeles, CA 90012

　　　　Before the court are various motions interposed by Defendants, Judy L. Bogen, et al.,

(sometimes collectively, referred to as the "Defendants") in response to the complaint filed by

Plaintiff, Steven J. Stanwyck ("Stanwyck")[1] in the above referenced adversary proceeding[2].

[1] Stanwyck, an attorney, was admitted to the practice of law in California on January 7, 1971. Since February 13, 2010, Stanwyck has been enrolled involuntarily as an inactive member of the State Bar of California pending action on a recommendation to the Supreme Court of California that he be disbarred from the practice of law in the State of California.

[2] Based upon the findings of fact and conclusions of law contained in this Memorandum Decision, the court adjudicates the following pending motions:

　　　　1.　　Motion for Dismissal of Complaint Under F.R.B.P. 7012 and F.R.Civ.P. 12(B) filed by Defendant, Edward M. Ross on November 18, 2010;

　　　　2.　　Motion to Dismiss Complaint as to the Following Claims: Violation of Automatic Stay, Injunctions and Account filed by Defendants, Hersh, Mannis & Bogen, et al., on November 30, 2010.

　　　　3.　　Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can be Granted filed by Defendants, Joan Ciapciak Stanwyck, Joan Stanwyck Family 2000 Trust; and Joan Stanwyck Family 2002 Trust on December 7, 2010;

1    Appearances were stated on the record at the hearing.  The court, having considered the

2    Defendants' motions, Stanwyck's opposition thereto, the Defendants' replies, and the argument

3    of counsel grants the relief requested in the motions based upon the following findings of fact

4    and conclusions of law[3] pursuant to F.R.Civ.P. 52(a)(1),[4] as incorporated into FRBP 7052 and

5    
_____

6        4.    Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief

7    Can be Granted filed by Kirsten Jane Stanwyck; Kirsten Jane Stanwyck Living Trust; and Logan and Blue, Inc. on December 6, 2010;

8        5.    Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be

9    Granted filed by Defendants, Isabel R. Cohen, Steven E. Young, Freeman, Freeman & Smiley, Jared A. Barry, and Jeffrey Zabner on December 7, 2010;

10   

11       6.    Motion to Require Security; To Prohibit Filing of New Litigation; For Security and Control; and To Deem Steven Stanwyck a Vexatious Litigant filed by

12   Defendants, Isabel R. Cohen, Steven E. Young, Freeman, Freeman & Smiley, Jared A. Barry, and Jeffrey Zabner on December 7, 2010;

13   

14       7.    Motion of Defendants, Dennis N. Brager, John O. Kent and Brager Tax Law Group (1) To Require More Definite Statement in Complaint; and (2) For an

15   Order Declaring Plaintiffs to be Vexatious Litigants filed on December 10, 2010; and

16   

17       8.    Motion of Defendants, Stephen M. Lachs and ADR Services, Inc.: (1) To Require More Definite Statement in Complaint; and (2) For An Order Declaring Plaintiffs

18   to Be Vexatious Litigants filed on January 4, 2011.

19   Stanwyck's Evidentiary Objections Accompanying Opposition to Motion to Dismiss & Vexatious Litigant Motions of Defendants: Stephen M. Lachs; ADR Services, Inc.; Isabel R.

20   Cohen; Dennis Brager; John O. Kent; Brager Tax Law Group; Steven E. Young; Freeman, Freeman & Smiley; Jared A. Barry; Edward M. Ross & Jeffrey Zabner are overruled.

21   Stanwyck's LBR 9013-1(i)(2) Evidentiary Objections filed on January 31, 2011 are overruled as

22   untimely.

23   [3] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such.  To the extent that any conclusion of law is construed to be a finding of fact, it is

24   hereby adopted as such.

25   [4] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the

26   Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005).  "Rule"

27

1  applied to contested matters by FRBP 9014(c).

2  I. STATEMENT OF FACTS

3  A. Stanwyck's First Bankruptcy Case.

4      On March 20, 1992, Stanwyck filed a voluntary petition under chapter 11 in Case No.

5  2:92-bk-22475-SB, In re Steven J. Stanwyck, Debtor, in the United States Bankruptcy Court,

6  Central District of California, Los Angeles Division.  On August 5, 1992, the case was converted

7  to a case under chapter 7 and David R. Haberbush ("Haberbush") administered the estate as

8  trustee.  Stanwyck received a discharge on June 28, 2002.  After a final distribution on account of

9  allowed claims, Haberbush was discharged as trustee and the case was closed on July 17, 2002.

10  B. Stanwyck's Second Bankruptcy Case.

11      While his first case was pending, Stanwyck filed a second voluntary petition under

12  chapter 11 in Case No. 2:02-bk-25398-SB, styled In re Steven Jay Stanwyck, Debtor, in the

13  United States Bankruptcy Court, Central District of California, Los Angeles Division, on May

14  28, 2002.  On May 31, 2002, Stanwyck filed a motion seeking conversion of the case to a case

15  under chapter 7.  An order converting the case to chapter 7 was entered on June 10, 2002, and

16  Alberta Stahl ("Stahl") was appointed trustee.  Stahl investigated Stanwyck's financial affairs

17  and liquidated the assets of the estate.  On January 14, 2003, Stahl filed a complaint in Adversary

18  No. 2:03-ap-01040-SB, Stahl v. Stanwyck, objecting to Stanwyck's discharge.  On September

19  22, 2003, a judgment was entered in such adversary proceeding denying Stanwyck's discharge

20  pursuant to §§ 727(a)(2)(A), (a)(4), and (a)(5).  On October 19, 2006, Stahl filed her final

21  account as trustee.  On May 13, 2008, an order was entered discharging Stahl as trustee,

22  exonerating her bond, and closing the case.

23

24  references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable
certain Federal Rules of Civil Procedure ("F.R.Civ.P.").  "L.R." references are to the Local Rules
25  of the United States District Court for the Central District of California.  "LBR" references are to
the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of
26  California.

27  - 3 -

C. Stanwyck's Third Bankruptcy Case.

While his second case was pending, Stanwyck filed a third voluntary chapter 11 petition in Case No. 2:07-bk-19183-SB, styled In re Steven Jay Stanwyck, Debtor, in the United States Bankruptcy Court, Central District of California, Los Angeles Division, on October 12, 2007. On April 2, 2008, Lucent Technologies, Inc., AT&T Corporation, and NCR Corporation filed a motion seeking dismissal or, alternatively, conversion of the case to a case under chapter 7 for cause pursuant to § 1112(b). The motion was joined by other creditors and parties in interest. On July 29, 2008, an order was entered converting the case to a case under chapter 7. After a series of interim trustee appointments and resignations, Jerry Namba ("Namba") ultimately was appointed trustee on August 19, 2008.

During the two and one-half years this case has been pending,[5] Stanwyck has commenced five adversary proceedings – four of which have alleged willful violations of the automatic stay and sought damages under § 362(k). Stanwyck commenced this adversary proceeding on November 2, 2010, by the filing of a 74-page document captioned: "Complaint For: Claim One: Complaint For Damages For Violation of the Automatic Stay 11 USC 362, Injunctions & Accounting[;] Demand for Jury Trial 28 USC 157(e)" ("Complaint"). In his Complaint, Stanwyck seeks "injunctive relief, damages, fees and costs under 11 USC §§ 362(k)(1)."[6]  By virtue of his overlapping bankruptcy cases, Stanwyck has had the benefit of the automatic stay since 1992. In his Complaint, Stanwyck alleges that each of the named Defendants violated the automatic stay that was in effect at one time or another in one or more of his three bankruptcy cases during the past 19 years. Stanwyck further alleges that the 37 named Defendants engaged in a conspiracy and acted in concert with one another to violate the automatic stay in one or more of his bankruptcy cases. Stanwyck reasons that the Defendants should be jointly and severally

---

[5] On August 23, 2010, this case was reassigned from Judge Samuel L. Bufford to Judge Peter H. Carroll pursuant to Administrative Order 10-09 dated August 11, 2010.

[6] Complaint, 2:2.

-4-

1  liable for the damages he seeks under § 362(k) "[b]ecause of their concerted conduct . . . [and]

2  knowledge of the purposes of the conspiracy to deprive Plaintiff Steven Stanwyck of his

3  property."[7]  Stanwyck seeks a judgment against the Defendants, jointly and severally, in the

4  following amounts:  $8 million actual damages; $10 million for emotional distress; and $36

5  million punitive damages, together with injunctive and other relief.[8]  Stanwyck also seeks a

6  separate award of special damages as to each of the 37 Defendants.  Stanwyck's claims for

7  special damages total an additional $16,397,770,000.[9]

8         In response to Stanwyck's Complaint, Defendants, Judy L. Bogen, Neil Hersh, Joseph

9  Mannis, Hersh, Mannis & Bogen, Edward M. Ross, Isabel R. Cohen, Steven E. Young, Jared A.

10  Barry, Jeffrey Zabner, Freeman, Freeman & Smiley, Joan Ciapciak Stanwyck, Joan Stanwyck

11  Family 2000 Trust, Joan Stanwyck Family 2002 Trust, Kirsten Jane Stanwyck, Kirsten Stanwyck

12  Living Trust, and Logan & Blue, Inc. filed motions seeking dismissal of the Complaint under

13  Rule 12(b)(6) for Stanwyck's failure to state a claim upon which relief can be granted.

14  Defendants, Stephen M. Lachs, ADR Services, Inc., Dennis N. Brager, John O. Kent, and Brager

15  Tax Law Group filed motions seeking a more definite statement pursuant to Rule 12(e).

16  Defendants, Stephen M. Lachs, ADR Services, Inc., Isabel R. Cohen, Steven E. Young, Jared A.

17  Barry, Jeffrey Zabner, and Freeman, Freeman & Smiley also seek an order declaring Stanwyck a

18

19  _____

20  [7]  Id., 22:9-11.  However, Stanwyck admits that Defendant, Joan Stanwyck obtained relief from
    the stay in this case effective November 27, 2007 to permit her to proceed in Case No.

21  BD317414, In re Marriage of Stanwyck, Joan and Steven, in the Superior Court of California,
    County of Los Angeles.  Id., 5:12-16.  The court takes judicial notice of the Order Granting

22  Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Action in Non-bankruptcy
    Forum) entered on November 29, 2007.  Stanwyck also admits that Defendant, Hersh, Mannis &

23  Bogen was the law firm that represented Defendant, Joan Stanwyck in the state court action and
    that Defendants, Judy L. Bogen, Neal Hersh, and Joseph Mannis are partners in the firm.  Id.,

24  11:1-3.

25  [8]  Id., 23:19-25:11.

26
    [9]  Id., 23:24 - 24:23.
27

1    vexatious litigant.

2        Defendants' motions were filed between November 18, 2010 and January 4, 2011, and

3    originally set for hearing on December 21, 2010, January 4, 2011, or January 18, 2011.[10]  To

4    permit Stanwyck to recover from hand surgery and respond to the motions, the court continued

5    and consolidated the Defendants' motions for hearing to February 1, 2011.  Stanwyck filed a

6    written response in opposition to each of the motions.  After a hearing on February 1, 2011, the

7    court took the Defendants' motions under submission.

8    II.  <u>JURISDICTION & VENUE</u>

9        This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(a) and

10    1334(b).  This matter is a core proceeding in that (1) Stanwyck's Complaint seeks damages under

11    § 362(k) for alleged violations of the automatic stay, which is a core proceeding under 28 U.S.C.

12    § 157(b)(2)(A), (G) and (O); and (2) Stanwyck's Complaint requires the court to enter an

13    appropriate order to prevent vexatious litigation and an abuse of process.  11 U.S.C. § 105(a); 28

14    U.S.C. § 1651.  Venue is appropriate in this court.  28 U.S.C. § 1409(a).

15    III.  <u>MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM,<br>AND/OR FOR A MORE DEFINITE STATEMENT</u>

16    A.  <u>Standard for Dismissal Under Rule 12(b)(6)</u>.

17        Rule 12(b)(6) authorizes the court, upon motion of the defendant, to dismiss a complaint

18    for failure to state a claim upon which relief can be granted.  F.R.Civ.P. 12(b)(6).[11]  Under Rule

19    8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader

20    is entitled to relief."  F.R.Civ.P. 8(a)(2).[12]  "[T]he pleading standard Rule 8 announces does not

21    require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

22    unlawfully-harmed-me accusation."  <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S.Ct. 1937, 1949, 173

23    _____

24    [10]  <u>See supra</u>, footnote # 2.

25    [11]  Rule 12(b)(6) is applicable to adversary proceedings by virtue of FRBP 7012(b).

26    [12]  Rule 8(a) is applicable to adversary proceedings by virtue of FRBP 7008(a).

27    - 6 -

1    L.Ed.2d 868 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 555 (2007)). "[A]

2    complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

3    plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 570). "[A]

4    complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops

5    short of the line between possibility and plausibility of entitlement to relief.'" <u>Iqbal</u>, 129 S.Ct.

6    1949 (quoting <u>Twombly</u>, 550 U.S. at 557). Further, although a court must accept as true all

7    factual allegations contained in a complaint, a court need not accept plaintiff's legal conclusions

8    as true. <u>Iqbal</u>, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action,

9    supported by mere conclusory statements, do not suffice." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at

10   555).

11          <u>Twombly</u> raised the bar for notice pleadings under Rule 8(a) such that a complaint will

12   not survive a motion to dismiss under Rule 12(b) unless "the non-conclusory 'factual content,'

13   and reasonable inferences from that content . . . plausibly [suggest] a claim entitling the plaintiff

14   to relief." <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir. 2009). A claim has facial

15   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

16   inference that the defendant is liable for the misconduct alleged. A pleading that offers "labels

17   and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."

18   <u>Twombly</u>, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]"

19   devoid of "further factual enhancement." <u>Id.</u> at 557; <u>see</u> <u>Limestone Dev. Corp. v. Vill. of</u>

20   <u>Lemont, Ill.</u>, 520 F.3d 797, 802-03 (7th Cir. 2008) (stating that <u>Twombly</u> "teaches that a

21   defendant should not be forced to undergo costly discovery unless the complaint contains enough

22   detail, factual or argumentative, to indicate that the plaintiff has a substantial case").

23          Ordinarily, a Rule 12(b)(6) motion cannot be used to raise an affirmative defense. <u>See</u>

24   <u>Xechem, Inc. v. Bristol-Myers Squibb Co.</u>, 372 F.3d 899, 901 (7th Cir. 2004) ("Complaints need

25   not contain <u>any</u> information about defenses and may not be dismissed for that omission.").

26   However, it is proper to dismiss pursuant to Rule 12(b)(6) when the plaintiff has included

27

-7-

1   allegations in the complaint that, on their face, disclose some absolute defense or bar to recovery.

2   See, e.g., Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 613 (6th Cir. 2009) ("[T]here is no

3   reason not to grant a motion to dismiss where the undisputed facts conclusively establish an

4   affirmative defense as a matter of law."); Weisbuch v. County of Los Angeles, 119 F.3d 778, 783

5   n.1 (9th Cir. 1997) ("If the pleadings establish facts compelling a decision one way, that is as

6   good as if depositions and other expensively obtained evidence on summary judgment establishes

7   identical facts."); ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3rd Cir. 1994) ("[A] complaint

8   may be subject to dismissal under Rule 12(b)(6) when an affirmative defense like the statute of

9   limitations appears on its face."). Accordingly, a complaint fails to state a claim when the facts

10  and dates alleged in the complaint disclose that the causes of action are time-barred. See Jablon

11  v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). Likewise, where the lawsuit is brought

12  against defendants who have statutory or common law immunities, the complaint may be

13  dismissed under Rule 12(b)(6) if the defense is disclosed on the face of the complaint. See

14  United States v. Gaubert, 499 U.S. 315, 324-25 (1991); McKenna v. Wright, 386 F.3d 432, 436

15  (2nd Cir. 2004); Leveto v. Lapina, 258 F.3d 156, 161 (3rd Cir. 2001).

16      Although the focus under Rule 12(b)(6) is the substance of the complaint, the court may

17  consider a matter that is properly the subject of judicial notice along with the complaint when

18  deciding a motion to dismiss for failure to state a claim. MGIC Indem. Corp. v. Weisman, 803

19  F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of

20  public record outside the pleadings."); accord Banco Santander De Puerto Rico v. Lopez-Stubbe

21  (In re Colonial Mortg. Bankers Corp.), 324 F.3d 12, 19 (1st Cir. 2003) ("[M]atters of public

22  record are fair game in adjudicating Rule 12(b)(6) motions, and a court's reference to such

23  matters does not convert a motion to dismiss into a motion for summary judgment."); Henson v.

24  CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994) ("Despite the express language of

25  Fed.R.Civ.P. 12(b), we recently held that '[t]he district court may also take judicial notice of

26  matters of public record' without converting a 12(b)(6) motion into a motion for summary

27

- 8 -

1    judgment.'" (citation omitted)).

2    B.  Rule 12(e).

3        Rule 12(e) states:

4        A party may move for a more definite statement of a pleading to which a responsive
         pleading is allowed but which is so vague and ambiguous that the party cannot reasonably
5        prepare a response. The motion must be made before filing a responsive pleading and
         must point out the defects complained of and details desired. If the court orders a more
6        definite statement and the order is not obeyed within 14 days after notice of the order or
         within the time the court sets, the court may strike the pleading or issue any other
7        appropriate order.

8    F.R.Civ.P. 12(e).[13] Rule 12(e) is "designed to correct unintelligibility." 1 MOORES MANUAL:

9    FEDERAL PRACTICE & PROCEDURE § 11.27[1], at 11-35 (2010). "Experience teaches that,

10   unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the

11   trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in

12   the court's ability to administer justice." Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty.

13   College, 77 F.3d 364, 367 (11th Cir. 1996). Notwithstanding the filing of a motion under Rule

14   12(e), a trial court may in appropriate circumstances dismiss a claim sua sponte under Rule

15   12(b)(6). See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) (citing Wong v.

16   Bell, 642 F.2d 359, 361-62 (9th Cir. 1981)). "Such a dismissal may be made without notice

17   where the claimant cannot possibly win relief." Id. (citing Wong, 642 F.2d at 362); see Levald,

18   Inc. v. City of Palm Desert, 998 F.2d 680, 686-87 (9th Cir. 1993); Shawnee Int'l, N.V. v. Hondo

19   Drilling Co., 742 F.2d 234, 236 (5th Cir. 1984).

20   C.  The Automatic Stay.

21       Section 362(a) imposes a broad stay upon the filing of a bankruptcy petition against any

22   act, judicial or otherwise, to collect a prepetition debt, enforce a lien, or exercise control over

23   property of the debtor or the estate. See 11 U.S.C. § 362(a). Section 362(a) gives "the

24   bankruptcy court an opportunity to harmonize the interests of both debtor and creditors while

25

26   _____

27   [13] Rule 12(e) is applicable to adversary proceedings by virtue of FRBP 7012(b).

preserving the debtor's assets for repayment and reorganization of his or her obligations. McCarthy, Johnson & Miller, Inc. v. North Bay Plumbing, Inc. (In re Pettit), 217 F.3d 1072, 1077 (9th Cir. 2000); see Dean v. Trans World Airlines, Inc., 72 F.3d 754, 755-56 (9th Cir. 1995) ("Section 362(a) has two broad purpose. First, it provides debtors with protection from hungry creditors . . . . Second, the stay assures creditors that the debtor's other creditors are not racing to the various courthouses to pursue independent remedies to drain the debtor's assets . . . .").

Section 362(k) permits an individual injured by a willful violation of the automatic stay to "recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, . . . punitive damages."[14] " A stay violation is willful "if a party knew of the automatic stay, and its actions in violation of the stay were intentional." Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1215 (9th Cir. 2002); see Pinkstaff v. United States (In re Pinkstaff), 974 F.2d 113, 115 (9th Cir. 1992). No specific intent is necessary, and a creditor's good faith belief that the stay was not being violated is not relevant to the issue of willfulness. Morris v. Peralta (In re Peralta), 317 B.R. 381, 389 (9th Cir. BAP 2004). In appropriate circumstances, the actual damages that may be recovered under § 362(k) may include damages for emotional distress that resulted specifically from a willful violation of the stay. Dawson v. Washington Mutual Bank (In re Dawson), 390 F.3d 1139, 1148 (9th Cir. 2004), cert. denied, 546 U.S. 927 (2005).

---

[14] Section 362(k) states:

> (1) Except as provided by paragraph (2), an individual injured by any willful violation of a stay provided in this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

> (2) If such violation is based on an action taken by an entity in the good faith belief that subsection (h) applies to the debtor, the recovery under paragraph (1) of this subsection against such entity shall be limited to actual damages.

11 U.S.C. § 362(k). Section 362(k), which was enacted as § 362(h) in 1984, was re-designated § 362(k) by amendment in 2005. See infra, footnotes # 15 & 16.

D. <u>Bankruptcy Court Has Subject Matter Jurisdiction of a Claim Under § 362(k)</u>
<u>Notwithstanding a Dismissal or Closure of the Case in Which the Claim Arose.</u>

Bankruptcy courts have subject matter jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Damage claims predicated upon § 362(k) arise under title 11 and fall squarely within the bankruptcy court's subject matter jurisdiction. <u>Davis v. Courington (In re Davis)</u>, 177 B.R. 907, 912 (9th Cir. BAP 1995). Bankruptcy courts retain jurisdiction to adjudicate claims arising under § 362(k) notwithstanding a dismissal or closing of the bankruptcy case. <u>See, e.g.</u>, <u>Johnson v. Smith (In re Johnson)</u>, 575 F.3d 1079, 1084 (10th Cir. 2009) ("The great weight of case authority supports our conclusion that a § 362(k)(1) proceeding remains viable after termination of the underlying bankruptcy case."); <u>Aheong v. Mellon Mortgage Co. (In re Aheong)</u>, 276 B.R. 233, 244 (9th Cir. BAP 2002) ("[W]e have held that after dismissal of a bankruptcy case the bankruptcy court retains jurisdiction over an action for damages for willful violation of the automatic stay."); <u>Fernandez v. GE Capital Mortgage Servs., Inc. (In re Fernandez)</u>, 227 B.R. 174, 179 (9th Cir. BAP 1998), <u>aff'd</u>, 208 F.3d 220 (9th Cir. 2000).

"Arising under" jurisdiction does not hinge "on the present existence of an open case or a non-dismissed case," but "depends solely on the existence of 'civil proceedings arising under title 11.'" <u>Aheong</u>, 276 B.R. at 244; <u>see</u> <u>Menk v. Lapaglia (In re Menk)</u>, 241 B.R. 896, 904 (9th Cir. BAP 1999) ("[S]ubject-matter jurisdiction is conferred by the 'arising under' clause of § 1334(b), as it is a cause of action created by the Bankruptcy Code, without existence outside the context of bankruptcy, and otherwise unknown to the law" and "the action [can] be commenced after the bankruptcy case has been closed"). Hence, an adversary proceeding may be commenced in bankruptcy court years after the related bankruptcy case has been administered and closed without reopening the case. <u>See</u> <u>Staffer v. Predovich (In re Staffer)</u>, 306 F.3d 967, 972 (9th Cir. 2002) ("[A] separate motion to reopen is not a jurisdictional requirement, or even a prerequisite for commencing an action for nondischargeability of a debt under § 523(a)(3)(B)."); <u>Menk</u>, 241 B.R. at 906 ("[T]here is no jurisdictional requirement that a closed bankruptcy case be reopened

- 11 -

1    before 'arising under' jurisdiction can be exercised to determine whether a particular debt is

2    excepted from discharge."). Because this court has post-closing jurisdiction over any claim

3    arising under § 362(k), the court rejects the Defendants' assertion that Stanwyck was required to

4    reopen his prior bankruptcy cases to assert § 362(k) claims that may have accrued in one or more

5    of those cases since 1992. This court has "the power to compensate victims of violations of the

6    automatic stay and punish the violators, even after the conclusion of the underlying bankruptcy

7    case." Johnson, 575 F.3d at 1083.

8    E.  There is No Limitations Period on A Claim Under § 362(k).

9         Congress did not establish any limitations period for damage claims under § 362(k). In re

10   Bernheim Litigation, 290 B.R. 249, 258 (D.N.J. 2003); Koffman, 182 B.R. at 124 ("Congress did

11   not enact a statute of limitations on actions under section 362(h) . . . ."); Nelson v. Post Falls

12   Mazda (In re Nelson), 159 B.R. 924, 925 (Bankr. D. Idaho 1993). Defendants, Edward M. Ross,

13   Jeffrey Zabner, Steven E. Young, Jared A. Barry, and Freeman, Freeman & Smiley argue that the

14   four-year statute of limitations provided in 28 U.S.C. § 1658 should apply to claims under §

15   362(k). Section 1658 of title 28, which was enacted in 1990, states:

16        Except as otherwise provided by law, a civil action arising under an Act of Congress
          enacted after the date of enactment of this section may not be commenced later than 4
17        years after the cause of action accrues.

18   28 U.S.C. § 1658(a). In Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004), the Supreme

19   Court opined that "[a]n amendment to an existing statute is no less an 'Act of Congress' than a

20   new, stand-alone statute." Id. at 381. It concluded, however, that "a cause of action 'aris[es]

21   under an Act of Congress enacted' after December 1, 1990 – and therefore is governed by §

22   1658's 4-year statute of limitations – if the plaintiff's claim against the defendant was made

23   possible by a post-1990 enactment." Id. at 382 (emphasis added); see Baker v. Birmingham

24   Board of Educ., 531 F.3d 1336, 1338 (11th Cir. 2008) ("Baker's claims against the Board were

25   'made possible by a post-1990 enactment' and 'therefore [are] governed by § 1658's 4-year

26   statute of limitations.'").

27

- 12 -

1    Section 362(h) was enacted in 1984.[15] It was then amended and re-designated as § 362(k)

2  in 2005.[16]  Section 362(k)(2), which limits the damages that may be recovered if a creditor

3  violates the stay in the good faith belief that the stay terminated under § 362(h), was added in

4  2005.[17] Stanwyck's claims are made possible by the 1984 enactment, not by any post-1990

5  amendment.  Accordingly, Stanwyck's complaint cannot be dismissed for failure to state a claim

6  due to the limitations period contained in 28 U.S.C. § 1658(a).

7  F.  Stanwyck's Complaint Fails to State a Claim for Relief under § 362(k) as to Defendants, Neal
   Hersh, Joseph Mannis, Judy Bogen, and Hersh, Mannis & Bogen.

8
       Stanwyck's Complaint alleges the following with respect to Defendants, Neal Hersh,

9  Joseph Mannis, Judy Bogen, and the law firm of Hersh, Mannis & Bogen:

10
       23A.  Defendants Judy Bogen and her Beverly Hills family law firm Hersh, Mannis &
11     Bogen (collectively "HMB"), in furtherance of the conspiracy to deprive Plaintiff Steven
       Stanwyck of his property rights, on June 26, 2007 and May 23, 2010 on behalf of
12     Defendants Defendant Joan Stanwyck filed a false Declarations in the Family Law Action
       as to the status of Steven's bankruptcy case and the bankruptcy court's orders as to the
13     Family Law Action.

14     23B.  Defendant Bogen, as part of her vindictive and personal terror campaign even
       physically asssaulted Plaintiff Steven Stanwyck when he was on the HMB premises
15     causing damages to him of at least $1,000,000.[18]

16  Stanwyck's Complaint further alleges that:

17     41.  Defendant Joan Stanwyck and her lawyers HMB have without relief from the
       automatic stay secured orders in the family law court and facilitated the movement of
18     estate property to Defendants Joan and Defendant Kirsten Stanwyck of at least
       $5,000,000 and at least $300,000 in legal fees to themselves, all without seeking any

19

20

21  [15] Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98-353, § 304
22  (1984). See Bernheim Litigation, 290 B.R. at 258 n.5 ("Section 362(h) of Title 11 was enacted in
   1984.").
23
   [16] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, §
24  441(1) (2005).

25  [17] Id.

26
   [18] Complaint, 6:14-22.
27
                                         - 13 -

1   orders from the Family Law court as to the ownership of such funds or right to fees.[19]

2   Stanwyck admits that (1) Defendant, Joan C. Stanwyck, his former spouse, obtained relief from

3   the stay to proceed to judgment in the divorce proceeding pending with Stanwyck; (2) that

4   Defendant, Hersh, Mannis & Bogen represented Defendant, Joan C. Stanwyck in the divorce

5   action; and (3) that Defendants, Neal Hirsh, Joseph Mannis, and Judy L. Bogen are partners in

6   the firm.[20]  Stanwyck does not identify specific facts from which the court can divine a plausible

7   claim for damages under § 362(k) for willful violation of the automatic stay, particularly in light

8   of the undisputed fact that Defendant, Joan C. Stanwyck obtained relief from the stay to continue

9   prosecution of the divorce case effective November 27, 2007.[21]  Stanwyck's naked assertion of

10  an alleged assault by Defendant, Judy Bogen falls far short of stating a claim that is plausible on

11  its face.[22]  To the extent that Stanwyck's Complaint states that Defendant, Joan C. Stanwyck may

12  have filed a false declaration in the "Family Law Action" and that Defendants, Joan C. Stanwyck

13  and Defendant, Hersh, Mannis & Bogen may have obtained the payment of attorneys' fees

14  "without seeking any orders from the Family Law court as to the ownership of such funds or

15  right to fees," these are issues for the state court to decide, not this court.  Because Stanwyck's

16  Complaint does not contain sufficient factual matter, accepted as true, to state a claim under §

17  362(k) for willful violation of the automatic stay that is plausible on its face as to Defendants,

18  Neal Hersh, Joseph Mannis, Judy Bogen, and the law firm of Hersh, Mannis & Bogen, the court

19

20  [19] Id. at 11:5-9.

21  [20] Id. at 11:1-3.

22  [21] See supra, footnote # 7.  While the declaration allegedly filed by Defendants, Judy Bogen and
23  Hersh, Mannis & Bogen in the divorce action on June 26, 2007 predates the effective date of the
    order lifting the automatic stay, Stanwyck's Complaint is otherwise devoid of "further factual
24  enhancement" regarding his claim.  Twombly, 550 U.S. at 557.

25  [22] The court takes judicial notice of Stanwyck's Schedule B(21) filed on October 29, 2007,
26  which fails to disclose any contingent or unliquidated claim on the petition date against
    Defendant, Judy Bogen, individually, for alleged assault.
27

- 14 -

1  finds that Stanwyck's Complaint fails to state a claim as to said Defendants under § 362(k) upon

2  which relief can be granted.

3  G.  <u>Stanwyck's Complaint Fails to State a Claim for Relief under § 362(k) as to Defendants,</u>
   <u>Stephen M. Lachs, Isabel R. Cohen and Edward M. Ross.</u>

4
           Stanwyck's Complaint alleges the following with respect to Defendants, Stephen M.

5  Lachs, Isabel R. Cohen and Edward M. Ross:

6
           42.  Defendant Stephen Lachs, Esq. is a "retired judge" who without leave of court by
7      appropriate orders, and his firm Defendant ADR Services, Inc. were paid by Defendant
       Joan Stanwyck and HMB over $10,000 of bankruptcy estate funds.[23]
8
           43.  Defendant Isabel R., Esq. is a "retired judge" who without leave of any court by
9      appropriate orders and who fabricated such an order was paid by Defendant Joan
       Stanwyck and HMB over $12,500 of bankruptcy estate funds.[24]
10
           88.  Defendant Edward M. Ross, Esq. is a "retired judge" who without leave of any court
11     by appropriate orders and his firm Defendant ADR Services, Inc. were paid by Defendant
       Joan Stanwyck, Defendant Kirsten Stanwyck and FFS over $10,000 of bankruptcy estate
12     funds.[25]

13  Judges are absolutely immune from liability for actions taken in the exercise of their judicial

14  functions.  <u>Curry v. Castillo (In re Castillo)</u>, 297 F.3d 940, 947 (9th Cir. 2002).  Absolute

15  immunity is not reserved solely for judges, but extends to nonjudicial officers for "all claims

16  relating to the exercise of judicial functions."  <u>Burns v. Reed</u>, 500 U.S. 478, 499 (1991).  Whether

17  a judge is immune from suit depends upon whether, at the time of the challenged action, he or

18  she had jurisdiction over the subject matter of the issue presented for decision.  <u>Stump v.</u>

19  <u>Sparkman</u>, 435 U.S. 349, 356 (1978).  The scope of jurisdiction must be construed broadly,

20  however, and a judge is entitled to immunity even if he or she acted in error, maliciously, or

21  outside the scope of his or her authority.  <u>Id.</u>  Moreover, a judge is subject to liability only for

22  action in the clear absence of all jurisdiction.  <u>Id.</u> at 356-57.

23  _____

24  [23] Complaint, 11:11-13.

25  [24] <u>Id.</u>, 11:15-17.

26  [25] <u>Id.</u>, 21:8-10.

27
                                    - 15 -

1    Defendant, Isabel R. Cohen is absolutely immune from liability for the claims made the

2    basis of Stanwyck's Complaint. The court takes judicial notice that Defendant, Isabel R. Cohen

3    was appointed as a discovery referee in Case No. BD327414, Stanwyck v. Stanwyck, in the

4    Superior Court of California, County of Los Angeles, on February 26, 2007, and that Stanwyck

5    was jointly responsible with Defendant, Joan C. Stanwyck for payment of fees and expenses

6    incurred by Defendant, Isabel R. Cohen as a discovery referee in the case.[26] Stanwyck admits in

7    his response to Defendant, Isabel R. Cohen's motion to dismiss that his claim against her is

8    predicated upon collection of a post-petition debt he was ordered to pay in connection with

9    ongoing discovery disputes in his divorce case.[27] There is no allegation in Stanwyck's Complaint

10   that Defendant, Isabel R. Cohen acted without jurisdiction.

11    Defendants, Stephen M. Lachs and Edward M. Ross may also be absolutely immune from

12   liability for the claims made the basis of Stanwyck's Complaint. Defendant, Edward M. Ross

13   asserts that he was also appointed by the state court in which Stanwyck's divorce action was

14   pending to decide a discovery dispute between the parties in 2004, and that he conducted a

15   hearing on the discovery dispute in the offices of Defendant, ADR Services, Inc.[28] There are no

16

17   [26] Defendants, Isabel R. Cohen, Steven E. Young, Jared A. Barry, Jeffrey Zabner, and Freeman,
18   Freeman & Smiley's Request for Judicial Notice, Exhibits A-D. Plaintiff Steven J. Stanwyck's
     LBR 9013-1(i)(2) Evidentiary Objections Accompanying Opposition to Motion to Dismiss and
19   Vexatious Litigant Motions of Defendants, Stephen M. Lachs; ADR Services, Inc.; Isabel R.
     Cohen; Dennis Brager; John O. Kent; Brager Tax Law Group; Steven E. Young; Freeman,
20   Freeman & Smiley; Jared A. Barry; Edward M. Ross & Jeffrey Zabner are overruled. As
     previously stated, a matter that is properly the subject of judicial notice may be considered along
21   with the complaint when deciding a motion to dismiss for failure to state a claim. MGIC Indem.
22   Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

23   [27] Stanwyck's Opposition to Motions to Dismiss, 8:10-16.

24   [28] Stanwyck objections to the Declaration of Edward M. Ross in Support of Motion for
25   Dismissal of Complaint Under F.R.B.P. 7012 and F.R.CIV.P. 12(B) are sustained. The court
     also strikes Stanwyck's declaration in opposition to Defendant, Edward M. Ross' dismissal
26   motion, together with the documentary evidence attached thereto as Exhibits A and B, which
     Stanwyck asks the court to consider in adjudicating the motion.

27

1  allegations in Stanwyck's Complaint that either Defendant, Stephen M. Lachs or Defendant,

2  Edward M. Ross acted without jurisdiction.  But facts forming the basis of an immunity defense

3  for either Defendant, Stephen M. Lachs or Defendant, Edward M. Ross are not disclosed on the

4  face of Stanwyck's Complaint nor in matters of public record for which the court has been

5  requested to take judicial notice.

6         Notwithstanding the foregoing, Stanwyck's Complaint as to Defendants, Stephen M.

7  Lachs, Edward M. Ross and ADR Services, Inc. lacks essential factual foundation. <u>Twombly</u>,

8  550 U.S. at 557. Stanwyck's Complaint is devoid of factual content that would permit the court

9  to draw a reasonable inference that Defendants, Stephen M. Lachs, Edward M. Ross, or ADR

10 Services, Inc. obtained payment of a debt owing by Stanwyck in willful violation of § 362(a).

11 Because Stanwyck's Complaint does not contain sufficient factual matter, accepted as true, to

12 state a claim for relief under § 362(k) that is plausible on its face as to Defendant, Edward M.

13 Ross, the court finds that Stanwyck's Complaint fails to state a claim as to said Defendant under

14 § 362(k) for willful violation of the automatic stay upon which relief can be granted.  Stanwyck's

15 Complaint is so vague and ambiguous as to the claims asserted against Defendants, Stephen M.

16 Lachs and ADR Services, Inc. that said Defendants cannot reasonably prepare a response absent

17 a more definite statement.

18 H.  <u>Stanwyck's Complaint Fails to State a Claim for Relief under § 362(k) as to Defendants,</u>
   <u>Kirsten J. Stanwyck, Kirsten Stanwyck Living Trust, Logan & Blue, Inc., Steven E. Young, Jared</u>
19 <u>A. Barry, Freeman, Freeman & Smiley, and Jeffrey Zabner.</u>

20        Stanwyck's Complaint alleges with respect to his daughter, Defendant, Kirsten J.

21 Stanwyck, the following:

22        60.  Defendant Kirsten Stanwyck on November 4, 2003 executed a fraudulent Trust
          Transfer Deed to the KJSLT on Malcolm Ave. which Trust Transfer Deed as a part of the
23        scheme was not recorded until December 16, 2003, LACR 03-3788543. Defendant
          Kirsten Stanwyck on or about March 26, 2004 filed a lawsuit without relief from the
24        bankruptcy automatic stay against Plaintiff Steven Stanwyck in Los Angeles Superior
          Court, **SC 081 203** claiming that the lien of the UCC Financing Statement **Exhibit 5** was
25        void, which claim was not granted, in which she also made false representations
          including that she was a full time resident of Malcolm Avenue and that her Trust was
26        "Irrevocable." Defendant Kirsten Stanwyck by her conduct has caused damage to
          Plaintiff Steven Stanwyck of at least $1,700,000 the estimated fair market value of

27

                                          - 17 -

1    Malcolm Ave.[29]

2  Stanwyck reasserts the allegations against Defendant, Kirsten J. Stanwyck later in the complaint:

3    87. Defendant Kirsten Stanwyck and FFS on or about March 26, 2004 filed a lawsuit
     without relief from the bankruptcy automatic stay against Plaintiff Steven Stanwyck in
4    Los Angeles Superior Court, SC 081 203 in which she also made false representations
     including that she was a full time resident of Malcolm Avenue and that her Trust was
5    "Irrevocable."[30]

6  Stanwyck's Complaint further alleges with respect to Defendants, Logan & Blue, Inc., Steven E.

7  Young, Jared A. Barry, and Freeman, Freeman & Smiley that:

8    85. Defendant Logan & Blue, Inc. is a California Corporation believed to be wholly
     owned by Defendant Kirsten Stanwyck and used as a conduit to hide Steven's assets.
9
     86. Defendants Steven E. Young, Esq. Jared A. Barry, Esq. and Freeman, Freeman &
10   Smiley ("FFS") is the law firm which knowingly filed and prosecuted an action in Los
     Angeles Superior Court, SC 081 203, against Steven J. Stanwyck in April 2004 regarding
11   the June 2003 Defendant Kirsten Stanwyck purchase of Malcolm Ave. without relief
     from the automatic stay and received legal fees, property of the BK 2 estate, from Joan
12   and Defendant Kirsten Stanwyck. . .

13   89. In case SC 081 203 FFS falsely represented to the court that Defendant Kirsten
     Stanwyck did not reside at Malcolm Ave. and that KJSLT was an irrevocable trust.
14
     90. Defendant Jeffrey Zabner, Esq. is a lawyer paid by Defendant Joan Stanwyck to
15   prepare the shell KJSLT used to hide Steven's property including by holding title to
     Malcolm Drive. Defendant Zabner on or about November 4, 2003, paid by Defendant
16   Joan Stanwyck, formed the sham Defendant Kirsten Stanwyck Living Trust with
     Defendant Joan Stanwyck as its successor Trustee and sole beneficiary.
17
     91. Defendants Kirsten Jane Stanwyck; Defendant Kirsten Stanwyck Living Trust; Logan
18   & Blue, Inc.; Steven E. Young; Freeman, Freeman & Smiley; Jared A. Barry, Edward M.
     Ross, Jeffrey Zabner by their conduct have damaged Plaintiff Steven J. Stanwyck in the
19   amount of at least $1,700,000.[31]

20   None of the facts alleged in Stanwyck's Complaint against Defendants, Kirsten Jane

21  Stanwyck, Kirsten Stanwyck Living Trust, Steven E. Young, Freeman, Freeman & Smiley, Jared

22  A. Barry, Jeffrey Zabner, and Logan & Blue, Inc. form the basis for a plausible claim for

23  _____

24  [29] Complaint, 15:18-26.

25  [30] Id., 21:4-7

26  [31] Id., 20:22 to 21:21.

27

1    damages for a willful violation of the automatic stay.  Stanwyck's conclusory allegation that

2    Defendant, Logan & Blue, Inc. is a "conduit to hide Steven's assets" falls far short of stating a

3    plausible claim for relief against said Defendant under § 362(k).  Defendant, Jeffrey Zabner is

4    alleged to have formed a trust for Defendant, Kirsten Stanwyck and was paid to do so by

5    Defendant, Joan C. Stanwyck.  There are no facts that would permit the court to draw a

6    reasonable inference that Defendants, Jeffrey Zabner, Kirsten Stanwyck, or Joan C. Stanwyck did

7    so in willful violation of § 362(a).

8         Defendants, Jared A. Barry, Steven E. Young, and Freeman, Freeman & Smiley

9    represented Defendant, Kirsten Stanwyck in an action filed under Case No. SC 081203, styled

10   Stanwyck, et al. v. Stanwyck, et al., in the Superior Court of California, County of Los Angeles,

11   on or about March 26, 2004, to quiet title to the Malcolm Avenue property identified in

12   Stanwyck's Complaint.  Stanwyck removed the state court action to Case No. 2:04-cv-03238-

13   DSF-FMO, in the United States District Court, Central District of California, Los Angeles

14   Division, arguing in pertinent part, that the state court action was commenced in violation of the

15   automatic stay.  On June 11, 2004, the district court remanded the proceeding to the state court

16   stating:

17        A review of the underlying complaint reveals that the real property that is the subject of
          the litigation was acquired by Plaintiff Kirsten Stanwyck ("Ms. Stanwyck") in June 2003,
18        and transferred to her living trust in November 2003 . . . .  Although Mr. Stanwyck had no
          interest in his property, Plaintiffs allege he nonetheless issued a quitclaim deed from
19        himself to an entity known as "Bedford Associates, LLC." . . .

20        The bankruptcy action cited by Mr. Stanwyck as conferring federal jurisdiction was
          brought in May 2002, over a year before Ms. Stanwyck acquired the property in question
21        and almost two years before she filed suit . . . .  Assuming arguendo Mr. Stanwyck has
          standing to assert his rights under 11 U.S.C. § 362, the statute does not allow a stay of
22        tortious post-petition conduct as alleged by Plaintiffs in the underlying state court action .
          . . .

23
          Since Mr. Stanwyck filed for bankruptcy over a year and a half before the present
24        complaint was filed, he may not stay his case pursuant to 11 U.S.C. § 362 and therefore

25

26

27
                                      - 19 -

1                  may not assert any rights provided by the statute.[32]

2    The district court, having previously determined that Defendant, Kirsten Stanwyck's

3    commencement of the state court action did not violate the automatic stay and that Stanwyck

4    "may not assert any rights provided by the statute," Stanwyck's Complaint against Defendants,

5    Kirsten Jane Stanwyck, Kirsten Stanwyck Living Trust, Steven E. Young, Jared A. Barry, and

6    Freeman, Freeman & Smiley fails to state a claim under § 362(k) that is plausible on its face and

7    will be dismissed as to said Defendants without leave to amend.[33]

8    I.  Stanwyck's Complaint Fails to State a Claim for Relief under § 362(k) as to Defendants, Joan
       C. Stanwyck, Joan Stanwyck Family 2000 Trust, Joan Stanwyck Family 2002 Trust, Dennis N.
9    Brager, John O. Kent, and the Brager Tax Law Group.

10              With respect to the claims alleged against Defendants, Joan C. Stanwyck, Joan Stanwyck

11    Family 2000 Trust, Joan Stanwyck Family 2002 Trust, Dennis N. Brager, John O. Kent, and the

12    Brager Tax Law Group, Stanwyck's Complaint is rambling, disorganized, and largely

13    unintelligible.  Stanwyck alleges that Defendant, Joan C. Stanwyck, with Defendant, Kirsten

14    Stanwyck, "filed false First Amended Complaints to the State Bar of California, 05-0-04530 and

15

16

17

---

18    [32] Order entered in Case No. 2:04-cv-03238-DSF-FMO, styled Stanwyck, et al. v. Stanwyck, et
       al., in the United States District Court, Central District of California, Los Angeles Division, on
19    June 14, 2004, at Dk # 17.

20    [33] Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give
       leave [to amend] when justice so requires."  F.R.Civ.P. 15(a)(2).  "Dismissal without leave to
21    amend is improper unless it is clear, upon de novo review, that the complaint could not be saved
       by any amendment."  Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir. 1991).
22    "[L]eave to amend should be granted unless the district court 'determines that the pleading could
       not possibly be cured by the allegation of other facts.'"  U.S. v. SmithKline Beecham, Inc., 245
23    F.3d 1048, 1052 (9th Cir. 2001) (citation omitted); Bly-Magee v. California, 236 F.3d 1014,
       1019 (9th Cir. 2001) (quoting Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)).  Given the
24    nature of the deficiencies in Stanwyck's claim against Defendants, Kirsten Jane Stanwyck,
       Kirsten Stanwyck Living Trust, Jared A. Barry, Steven E. Young, and Freeman, Freeman &
25    Smiley, the court finds that Stanwyck's pleading could not possibly be cured by the allegation of
26    other facts.

27

                                    - 20 -

1   05-0-02890, respectively."[34]  Stanwyck generally alleges that Defendant, Joan C. Stanwyck, with

2   the assistance of Defendants, Dennis N. Brager, John O. Kent, and the Brager Tax Law Group,

3   violated the automatic stay by filing papers in Case No. 378435, <u>Steven J. Stanwyck v. Franchise</u>

4   <u>Tax Board</u>, a case initiated by Stanwyck, in which Defendant, Joan C. Stanwyck asserted an

5   "innocent spouse" defense.[35]  Stanwyck also alleges that Defendant, Joan C. Stanwyck, with the

6   assistance of Defendants, Leslie S. Klinger and/or James H. Banks:  (1) failed to file certain tax

7   returns from 2000 to 2006;[36] (2) refinanced certain indebtedness secured by the real property at

8   9734 Wendover Drive, Beverly Hills, CA, in 1999;[37] and (3) stole Stanwyck's identity by filing

9   tax returns for Stoneridge Partnership.[38]  Finally, Stanwyck alleges that Defendant, Joan C.

10  Stanwyck (1) failed to turn over personal property valued at $2 million when she moved from the

11  Wendover Drive property to the Malcolm Avenue property in or about August 2003;[39] and (2)

12  fraudulently negotiated a $25,000 retainer check that Stanwyck allegedly received from a client

13  in 1994.[40]

14          Defendants, Joan C. Stanwyck, Joan Stanwyck Family 2000 Trust, Joan Stanwyck Family

15  2002 Trust, Dennis N. Brager, John O. Kent, and the Brager Tax Law Group are entitled to a

16  short, concise statement of the pertinent facts which form the basis for Stanwyck's claim for

17  relief against each of them under § 362(k).  F.R.Civ.P. 8(a)(2).  To state a plausible claim for

18  relief under § 362(k), Stanwyck's Complaint must identify with respect to each Defendant:  (1)

---

20  [34] Complaint, 11:20-22.

21  [35] <u>Id.</u>, 7:18-28.

22  [36] <u>Id.</u>, 8:7-11.

23  [37] <u>Id.</u>, 9:1-7.

24  [38] <u>Id.</u>, 10:4-15.

25  [39] <u>Id.</u>, 13:11-25.

26  [40] <u>Id.</u>, 18:24-27.

27

                                        - 21 -

1    the specific provision of § 362(a) allegedly violated by the Defendant; (2) the facts concerning

2    the date, time, and nature of the conduct alleged to be in violation of § 362(a); (3) the case in

3    which the automatic stay was allegedly violated; (4) the material facts showing that the alleged

4    conduct was willful, and (5) an itemization of damages directly attributable to such violation.

5    Absent such facts, the court is unable "to draw the reasonable inference that [a] defendant is

6    liable for the misconduct alleged." Twombly, 550 U.S. at 555. Stanwyck's claims as to

7    Defendants, Joan C. Stanwyck, Joan Stanwyck Family 2000 Trust, and Joan Stanwyck Family

8    2002 Trust amount to bare legal conclusions or contain insufficient factual information to survive

9    challenge under Rule 12(b)(6). Nor can Defendants, Dennis N. Brager, John O. Kent, and the

10   Brager Tax Law Group be expected to respond to the vague and disjointed allegations of

11   Stanwyck's Complaint absent a more definite statement under Rule 12(e).

12                   IV. MOTIONS FOR AN ORDER DECLARING STANWYCK
                               A VEXATIOUS LITIGANT

13   A. Standard for Determining Whether to Issue a Pre-filing Order Against a Vexatious Litigant.

14          Federal courts have discretion to enjoin parties from frivolous litigation under the All-

15   Writs Act, 28 U.S.C. § 1651. See, e.g., Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1051

16   (9th Cir. 2007) ("The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the

17   inherent power to enter pre-filing orders against vexatious litigants."); Weissman v. Quail Lodge,

18   Inc., 179 F.3d 1194, 1197 (9th Cir. 1999) ("District courts have the inherent power to file

19   restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of

20   litigation."); De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) ("We recognize that

21   '[t]here is strong precedent establishing the inherent power of federal courts to regulate the

22   activities of abusive litigants by imposing carefully tailored restrictions under appropriate

23   circumstances.'") (citing Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989)). "Bankruptcy

24   courts, being courts established by Act of Congress, 'have the power to regulate vexatious

25   litigation pursuant to 11 U.S.C. § 105 and 28 U.S.C. § 1651.'" Goodman v. Cal. Portland

26   Cement Co. (In re GTI Capital Holdings, LLC), 420 B.R. 1, 11 (Bankr. D. Ariz. 2009) (quoting

27
                                           - 22 -

1  Lakusta v. Evans (In re Lakusta), 2007 WL 2255230, * 3 (N.D. Cal. 2007)).

2       Before imposing a pre-filing order against a vexatious litigant in the Ninth Circuit, the

3  court must: (1) give the litigant notice and an opportunity to be heard before the order is entered;

4  (2) compile an adequate record for review; (3) make substantive findings as to the frivolous or

5  harassing nature of the litigant's actions; and (4) draft an order that is "narrowly tailored to

6  closely fit the specific vice encountered." De Long, 912 F.2d at 1147-48.  In Molski, the Ninth

7  Circuit observed that the five factors set forth in Safir v. United States Lines, Inc., 792 F.2d 19

8  (2d Cir. 1986) provide "a helpful framework for applying the two substantive factors (factors

9  three and four)" of the De Long test.  Molski, 500 F.3d at 1058.  The Safir factors are: "(1) the

10  litigant's history of litigation and in particular whether it entailed vexatious, harassing or

11  duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have

12  an objective good faith expectation of prevailing?; (3) whether the litigant is represented by

13  counsel; (4) whether the litigant has caused needless expense to other parties or has posed an

14  unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be

15  adequate to protect the courts and other parties." Safir, 792 F.2d at 24.

16       1.  Stanwyck was Given Notice and an Opportunity to be Heard.

17       Notice and an opportunity to be heard before a pre-filing order is entered "is a core

18  requirement of due process." Molski, 500 F.3d at 1058 (citing De Long, 912 F.2d at 1147).  In

19  this case, Stanwyck was properly served with each of the Defendants' motions seeking that he be

20  declared a vexatious litigant and requesting that a pre-filing order be entered against him.

21  Stanwyck had adequate notice of the date, time and place of the original hearing on each motion.

22  Stanwyck requested a continuance of the hearings due to certain medical issues.  Stanwyck's

23  requested continuance was granted, and the hearings were continued to February 1, 2011, to

24  provide Stanwyck with additional time to file written responses in opposition to the motions.

25  Stanwyck appeared at the hearing in opposition to each of the Defendants' motions on February

26  1, 2011.  Stanwyck had sufficient notice of the relief sought by the Defendants and an adequate

27

- 23 -

1  opportunity to be heard on the matter.  See Mullane v. Central Hanover Bank & Trust Co., 339

2  U.S. 306, 314 (1950) (Due process is satisfied when notice is "reasonably calculated, under all of

3  the circumstances, to apprise interested parties of the pendency of the action and to afford them

4  the opportunity to present their objections.").

5      2.  There is an Adequate Record for Review Detailing the Harassing Nature of
Stanwyck's Litigations.

6

7      "An adequate record for review should include a listing of all the cases and motions that

8  [leads] the court to conclude that a vexatious litigant order [is] needed." De Long, 912 F.2d at

9  1147.  "At the least, the record needs to show, in some manner, that the litigant's activities were

10  numerous or abusive."  Id. (citations omitted) (emphasis added).  As previously noted, Stanwyck

11  has filed five adversary proceedings in this bankruptcy case alone.

12      a.  Adversary No. 2:08-ap-01240-SB.

13      On February 29, 2008, Stanwyck filed a 130-page complaint in Adversary No. 2:08-ap-

14  01240-SB, styled North Am. Timeshare Shareholders Trust, et al. v. Edward D. Jones & Co., et

15  al. In his amended complaint filed on May 30, 2008, Stanwyck alleged 21 separate causes of

16  action against one or more of 63 named defendants and sought damages in excess of $16.6

17  billion, an accounting, imposition of a constructive trust, injunctive relief, attorneys fees, interest,

18  and costs.  In Claims 1-3, Stanwyck sought $50 million actual damages, $50 million for

19  emotional distress, $450 million punitive damages, costs of court and attorneys fees from all of

20  the defendants pursuant to § 362(k) for alleged willful violation of the automatic stay in Case

21  Nos. 2:92-bk-22475-SB, 2:02-bk-25398-SB, and/or 2:07-bk-19183-SB.[41]  The defendants named

22  in Stanwyck's amended complaint included Joan C. Stanwyck, Individually and as Trustee;

23  Kirsten Stanwyck, Individually and as Trustee; Judy L. Bogen; Joseph Mannis; Neal Hersh; and

_____

24  [41] Stanwyck's Claim Nos. 4 through 21 included alleged causes of action under §§ 542, 522(f),

25  544(a), 544(b), 545, 547, 548, 549 and 550; fraud; racketeering conspiracy; breach of fiduciary
duty; conversion; breach of contract; breach of the covenant of good faith and fair dealing;

26  professional malpractice; intentional and negligent infliction of emotional distress; constructive
trust; accounting, and injunctive relief.

27

1   Hersh, Mannis, Bogen & Kipper.  In response to Stanwyck's amended complaint, the court

2   received 16 motions pursuant to Rule 12(b).

3        On May 14, 2009, Stanwyck filed a Notice of Voluntary Dismissal of Defendant, Logan

4   & Blue, Inc. pursuant to F.R.Civ.P. 41(a).  On June 29, 2010, an Order for Dismissal and

5   Abandonment of Claims was signed by Judge Samuel L. Bufford dismissing the adversary

6   proceeding and abandoning all remaining claims to Stanwyck.[42]

7        b.  Adversary No. 2:08-ap-01435-SB.

8        While Adversary No. 2:08-ap-01240-SB was pending, Stanwyck filed a 399-page

9   complaint in Adversary No. 2:08-ap-01435-SB, North Am. Timeshare Shareholders Trust, et al.

10  v. Internal Revenue Service, et al., on April 28, 2008, alleging 16 separate causes of action

11  against one or more of 26 named defendants and seeking damages in excess of $16.6 billion,

12  declaratory and injunctive relief, attorneys fees, interest and costs.  In Claims 1-3 of the

13  complaint, Stanwyck sought a judgment against all of the named defendants, including Joan

14  Stanwick, Judy Bogen, Neal Hersh, Joseph Mannis, Hersh, Mannis & Bogen, Stephen M.

15  Laches, ADR Services, Inc., and Isabel R. Cohen, for $25 million actual damages, $225 million

16  punitive damages, attorneys fees, and costs for alleged violation of § 362(k).[43]  In response

17  thereto, the court received 10 motions to dismiss Stanwyck's complaint pursuant to Rule

18

19

_____

20  [42] According to the docket, the court reached the merits of only 2 of the pending Rule 12(b)
    motions before the adversary proceeding was dismissed.  On May 3, 2010, an order was entered
21  dismissing the adversary proceeding as to Defendants, Ira Benjamin Katz and Leslie S. Gold,
    also erroneously sued as Beugelmans, Katz & Radis.  On July 22, 2010, an Order Granting
22  Motion of the United States of America to Dismiss Plaintiff's Complaint was entered dismissing
    the adversary proceeding as to the United States of America and its agency, the Internal Revenue
23  Service.

24  [43] Stanwyck's Claim Nos. 4 through 16 included alleged causes of action under §§ 542, 502 and
25  506; fraud; breach of fiduciary duty; breach of contract; breach of the covenant of good faith and
    fair dealing; intentional and negligent infliction of emotional distress; professional malpractice;
26  racketeering conspiracy; conversion; assault and battery; constructive trust, and declaratory relief.

27

- 25 -

1    12(b)(6).  On July 14, 2008, Defendants, Leslie S. Klinger, Robert Kopple, Douglas Schwartz,

2    and Kopple & Klinger, LLP also filed a Motion to Declare Plaintiffs to Be Vexatious Litigants

3    and [To] Require Them to Post Security.

4         On June 2, 2009, Stanwyck filed a document entitled "Non Estate Plaintiffs' Dismissals

5    *Without Prejudice* of Non Estate Claims" seeking immediate dismissal of certain claims made

6    the basis of the complaint, including his claims under § 362(k).  The adversary was not

7    dismissed, but remained on the court's docket for another 12 months without an adjudication of

8    the pending Rule 12(b) motions.  During that time, Namba, without formally substituting as a

9    plaintiff in the litigation, negotiated settlements on behalf of the estate with a number of the

10   defendants regarding claims asserted by Stanwyck in Adversary Nos. 2:08-ap-01240-SB and

11   2:08-ap-01435-SB.  Namba's efforts resolved a number of the Rule 12(b) motions pending in the

12   adversary proceedings.  Once his settlement efforts were exhausted, the adversary proceedings

13   were dismissed.  On June 29, 2010, an Order for Dismissal and Abandonment of Claims was

14   signed by Judge Samuel L. Bufford dismissing Adversary No. 2:08-ap-01435-SB and

15   abandoning all remaining claims to Stanwyck.[44]

16        c.  Adversary No. 2:10-ap-02982-PC.

17        Stanwyck's Complaint was filed in this adversary proceeding on November 2, 2010.

18   Stanwyck alleges causes of action under § 362(k) against 37 named Defendants and seeks

19   injunctive relief, damages in excess of $16.4 billion, fees and costs.

20   _____

21   [44] According to the docket, the court reached the merits of only 3 of the Rule 12(b) motions
22   before the adversary proceeding was dismissed.  On March 18, 2010, an Order Granting Motion
     to Dismiss Complaint and Dismissing Adversary Proceeding was entered dismissing the
23   adversary proceeding as to Defendant, Alberta P. Stahl.  On July 22, 2010, an Order Granting
     Motion of the United States of America to Dismiss Plaintiff's Complaint was entered dismissing
24   the adversary proceeding as to the Internal Revenue Service.  On February 8, 2010, Defendant,
     Isabel R. Cohen filed a document entitled "Notice of Ruling" which indicates that Judge Bufford
25   granted her Rule 12(b)(6) motion and dismissed Stanwyck's complaint as to any claims asserted
26   against her, but no order was ever entered on the motion.  Judge Bufford did not reach the merits
     of the motion seeking to have Stanwyck declared a vexatious litigant.
27

1    d. Adversary No. 2:10-ap-02641-PC.

2    On September 7, 2010, Stanwyck filed a 120-page complaint in Adversary No. 2:10-ap-

3    02641-PC, Steven J. Stanwyck v. Scott Drexel, et al., alleging, in pertinent part, violations of §§

4    362(a) and 525(a) against one or more of 8 named defendants, including the State Bar of

5    California, and seeking damages in excess of $5 million, injunctive relief, attorneys fees, interest

6    and costs. Stanwyck also sought a jury trial on his claims. On October 12, 2010, Defendants,

7    Scott Drexel, Michael J. Glass, Miho Murai, Charles Murray, Brian Rowsey, James Towrey,

8    Russell Weiner, and the State Bar of California moved to dismiss Stanwyck's complaint under

9    Rule 12(b)(6). Stanwyck opposed the motion. After a hearing on November 30, 2010, an order

10    was entered dismissing the adversary proceeding.[45]

11    e. Adversary No. 2:11-ap-01002-PC.

12    On January 3, 2011, Stanwyck filed a 58-page complaint in Adversary No. 2:11-ap-

13    01003-PC, Steven J. Stanwyck v. Uniquities Consignments House, et al., seeking actual and

14    punitive damages in excess of $3 million for alleged fraud, extortion, racketeering, conspiracy,

15    breach of contract, and elder abuse against one or more of 23 named defendants, including the

16    Jamaican Government. Again, Stanwyck sought a jury trial on his claims. After Stanwyck failed

17    to appear at a court-ordered status conference, an order was entered on March 18, 2011,

18    dismissing the adversary proceeding.

19    There is an adequate record for review of the order.

20    3. Substantive Findings About Frivolous or Harassing Nature of Plaintiff's Litigation.

21    The third De Long factor goes "to the heart of the vexatious litigant analysis." Molski,

22

23    ──────────────

24    [45] The court takes judicial notice of the Order Granting Defendants' Motion to Dismiss
Adversary Complaint for Failure to State a Claim Upon Which Relief Can be Granted entered in
25    such adversary proceeding on January 4, 2011, together with the findings of fact and conclusions
of law contained in the Memorandum Decision Re: Defendants' Motion to Dismiss Adversary
26    Complaint for Failure to State a Claim Upon Which Relief Can be Granted of even date
therewith.

27
- 27 -

1  500 F.3d at 1059.  The court must make "substantive findings as to the frivolous or harassing

2  nature of the litigant's actions."  De Long, 912 F.2d at 1148 (quoting In re Powell, 851 F.2d 427,

3  431 (D.C. Cir. 1988)).  In so doing, the court must evaluate "'both the number and content of the

4  filings as indicia' of the frivolousness of the litigant's claims."  Id.  Alternatively, the third De

5  Long factor is satisfied if the evidence supports a finding of harassment.  De Long, 912 F.2d at

6  1148.  With respect to this element, the Safir factors apply.  See Molski, 500 F.3d at 1058.

7       a. Stanwyck's History of Litigation.

8       "Stanwyck, and his related corporations, have been designated as vexatious litigants by

9  four state and federal courts."  Pine Assocs., Inc. v. Chase Mortg. Holdings, Inc., 234 Fed. Appx.

10  697 (9th Cir. 2007).  Stanwyck is currently subject to the following pre-filing orders:

11     (1)    Order Dismissing Complaint, Imposing Sanctions, Granting Attorney's Fees and
              Declaring Plaintiffs Vexatious Litigants, entered in Case No. CV 01-7749-GAF,
12            Stanwyck, et al. v. Beilinson, et al., in the United States District Court, Central
              District of California, Los Angeles Division, on July 21, 2002, and affirmed by
13            the Ninth Circuit on April 28, 2004.  See Stanwyck v. Beilinson, 104 Fed.Appx.
              616, 619 (9th Cir. 2004);
14
15     (2)    Order Granting Defendants' Requests for Judicial Notice and Defendants' Motion
              to Declare United Computer Systems, Inc. and Steven J. Stanwyck Vexatious
16            Litigants, entered in Case No. CV 00-1640-RSWL, United Computer Sys., Inc. v.
              AT&T Corp., et al., in the United States District Court, Central District of
17            California, Los Angeles Division, on December 26, 2002, and affirmed by the
              Ninth Circuit.  See United Computer Sys., Inc. v. AT&T Corp., 107 Fed.Appx.
18            818, 821 (9th Cir. 2004);

19     (3)    Order Granting Requests for Judicial Notice, and Motion for Declaration that
              United Computer Systems, Inc., United Computer Systems, and Steven J.
20            Stanwyck are Vexatious Litigants, by AT&T, Lucent and NCR, in Case No.
              BC254633, Stanwyck et al. v. Felder, et al., in the Superior Court of California,
21            County of Los Angeles, Civil Central West, dated January 29, 2002; and

22     (4)    Order Declaring Steven J. Stanwyck, United Computer Systems, United
              Computer Systems, Inc., North American Timeshare, Inc. to be Vexatious
23            Litigants, Requiring Furnishing Security and Requiring Seeking Leave Before
              Filing Future Lawsuits, in Case No. 400264, United Computer Systems, et al. v.
24            Vickery, et al., in the Superior Court of California, County of San Francisco, on
              January 9, 2003.

25       On June 21, 2005, the district court dismissed Stanwyck's complaint in Case No. CV 05-

26  845-JFW (MANx), Pine Assocs., Inc., et al. v. Chase Mortg. Holdings, Inc., et al., in the United

27

                                         - 28 -

1   States District Court, Central District of California, Los Angeles Division, for his failure to

2   respond to a Notice of Filing by Vexatious Litigant Subject to Prefiling Order. The dismissal

3   was affirmed by the Ninth Circuit. Pine Assocs., Inc., 234 Fed. Appx. at 697. On August 5,

4   2010, the district court dismissed Stanwyck's complaint in Case No. CV 10-3553-AHM

5   (FMOx), Stanwyck v. American Home Assurance & National Union Fire Ins. Co., et al., in the

6   United States District Court, Central District of California, with prejudice for having been

7   previously designated a vexatious litigant and failing to comply with a pre-filing requirement in

8   that court.

9        Finally, a Decision Including Disbarment Recommendation and Inactive Enrollment

10  Order was filed in Case No. 02-O-10226, In the Matter of Steven Jay Stanwyck, in the State Bar

11  Court of California on February 10, 2010, recommending that "Steven Jay Stanwyck be disbarred

12  from the practice of law in the State of California." In its 33-page decision, the State Bar Court

13  chronicled Stanwyck's vexatious filings and professional misconduct since 1996. In making its

14  recommendation, the State Bar Court determined there was clear and convincing evidence

15  establishing that Stanwyck "engaged in frivolous and abusive litigation tactics for nearly two

16  decades" and that Stanwyck's conduct "significantly harmed the administration of justice and

17  those parties who were subjected as defendants to his inappropriate litigation practices." In

18  making its recommendation, the State Bar Court concluded:

19       [Stanwyck] has engaged for nearly two decades in a deliberate and repeated abuse of the
         judicial system. He has filed repetitive lawsuits against numerous parties, and conducted
20       those suits in a manner that was abusive of both the parties and the courts. As soon as the
         parties or the courts stop his antics in one forum, he moves to continue them in another,
21       but frequently adding as defendants the attorneys who had prevailed over him in the prior
         action. This pattern continues to the present day. Such conduct by a member
22       demonstrates a lack of fitness to practice and continues an ongoing danger to the public,
         the courts, and the profession.
23
         Numerous courts in the past have endeavored to re-direct [Stanwyck] from his
24       inappropriate ways by issuing warnings and orders of sanctions. More recently, the
         courts have repeatedly issued declarations that he is a vexatious litigant. Unfortunately,
25       all of these efforts by other courts have not caused [Stanwyck] to adopt a more ethical
         approach.
26
    Id. at 31.
27

1    Stanwyck's current Complaint, like the prior complaints, is nearly devoid of

2    comprehensible facts upon which Stanwyck's allegations are based. Given the large number of

3    defendants to each action, the inappropriateness of many of the defendants to the actions, and the

4    duplicative nature of the claims asserted, the court finds that the lawsuits filed by Stanwyck in

5    this bankruptcy case are both vexatious and harassing.

6        b. Stanwyck's Motive in Pursuing the Litigation.

7    Stanwyck may have a legitimate claim for relief under § 362(k); but like the prior

8    complaints, Stanwyck has yet to disclose any pertinent facts that would form the basis of a

9    cognizable claim under § 362(k) as to any of the Defendants named in his current Complaint.

10   Damages may be recovered under § 362(k) only for a "willful" violation of the stay. 11 U.S.C. §

11   362(k). A defendant's stay violation is "willful" only if (1) the defendant knew of the automatic

12   stay and (2) the defendant's acts were intentional. In re Abrams, 127 B.R. 239, 244 (9th Cir.

13   BAP 1991). The number of complaints, coupled with the false and exaggerated allegations of

14   injury contained in each complaint, support a finding that Stanwyck's lawsuits are vexatious and

15   pursued for the overriding purpose of harassment.

16       c. Whether Stanwyck is Represented by Counsel.

17   Stanwyck's suits are always brought in pro se. Generally, courts must give some

18   deference to pro se litigants. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("A

19   document filed pro se 'is to be liberally construed,' and 'a pro se complaint, however inartfully

20   pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"

21   (citation omitted)). Stanwyck, however, is a lawyer. Furthermore, a court must not tolerate an

22   abuse of the judicial process so flagrant that it permits one individual to preempt the use of

23   judicial resources that might otherwise be devoted to adjudicating the meritorious claims of other

24   litigants. See De Long, 912 F.2d at 1148.

25       d. Whether Stanwyck has Caused Unnecessary Expense to the Parties or Placed a
         Needless Burden on the Courts.

26   Stanwyck has filed other largely duplicative complaints against the same or similar

27

- 30 -

1   Defendants. Stanwyck's actions have forced the Defendants to undertake unnecessary expense to

2   defend themselves from baseless claims. This court has expended considerable time and effort

3   reviewing and ruling on motions seeking dismissal of these claims under Rule 12(b)(6) and relief

4   from Stanwyck's continuing lawsuits. Stanwyck has caused unnecessary expense to the parties

5   and has placed a needless burden on the courts.

6          e. Whether Other Sanctions Would be Adequate to Protect the Courts and Other Parties.

7          Stanwyck has been sanctioned for his actions in previous suits that have been filed.

8   Stanwyck has been designated a vexatious litigant and is subject to pre-filing orders in both the

9   state court and the federal district court. Stanwyck has now filed several complaints in the

10  bankruptcy court seeking damages in excess of $16.6 billion against multiple defendants, each

11  time making baseless allegations. The court does not believe that a sanction other than the

12  furnishing of security and a pre-filing order would be appropriate to protect the courts and other

13  parties from further frivolous lawsuits being brought by Stanwyck.

14         4. The Order is Narrowly Tailored to the Specific Vice Encountered.

15         The fourth and final factor in the De Long standard is that the pre-filing order must

16  be narrowly tailored to the vexatious litigant's wrongful behavior. In De Long, the Ninth Circuit

17  held overbroad an order preventing the plaintiff from filing any suit in a particular district court.

18  De Long, 912 F.2d at 1148. In O'Loughlin v. Doe, the Ninth Circuit held that an order requiring

19  a plaintiff to show good cause before making any request to proceed in forma pauperis was not

20  narrowly tailored. O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990). Likewise, in Moy v.

21  U.S. the Ninth Circuit held that an order requiring a plaintiff to obtain leave of court to file any

22  suit was overly broad when the plaintiff had only been highly litigious with one group of

23  defendants. Moy v. U.S., 906 F.2d 467, 470 (9th Cir. 1990).

24         In contrast, the Ninth Circuit in Molski affirmed a pre-filing order which declared the

25  plaintiff a vexatious litigant and prevented the plaintiff from filing further actions under Title III

26  of the Americans with Disabilities Act ("ADA") in the United States District Court for the

27

- 31 -

1    Central District of California. <u>Molski</u>, 500 F.3d at 1061. "The order . . . appropriately cover[ed]

2    only the type of claims [plaintiff] had been filing vexatiously—ADA claims." <u>Id.</u> The order did

3    not prevent plaintiff from filing any ADA complaints. <u>Id.</u> "[I]t merely subject[ed]

4    [plaintiff's] complaints to an initial screening review by a district judge." <u>Id.</u> The Ninth Circuit

5    found that the district court's pre-filing order was "narrowly tailored because it [did] not deny

6    [plaintiff] access to courts on any ADA claim that [was] not frivolous, yet it add[ed] a valuable

7    layer of protection, which [the Ninth Circuit thought] was warranted, for the courts and those

8    targeted by [plaintiff's] claims." <u>Id.</u> (citation omitted).

9        In this case, the court finds that Stanwyck is a vexatious litigant and that the proper order

10   must require Stanwyck to obtain leave of court before filing any further complaint seeking relief

11   (1) under § 362(k) for an alleged violation of the automatic stay or conspiracy to violate the

12   automatic stay; or (2) based upon an Abandoned Claim.[46]

13   B. <u>Stanwyck Must Post Security To Continue This Litigation.</u>

14       L.R. 83-8.1 states:

15   _____

16   [49] "Abandoned Claim" includes (1) any claim or cause of action asserted by Stanwyck in his first
     amended complaint filed in Adversary No. 2:08-ap-01240-SB, styled <u>North Am. Timeshare</u>
17   <u>Shareholders Trust, et al. v. Edward D. Jones & Co., et al.</u>, and abandoned to Stanwyck by Order
     for Dismissal and Abandonment of Claims entered in such adversary proceeding on July 7, 2010;
18   and (2) any claim or cause of action asserted by Stanwyck in his complaint filed in Adversary
     No. 2:08-ap-01435-SB, <u>North Am. Timeshare Shareholders Trust, et al. v. Internal Revenue</u>
19   <u>Service, et al.</u>, and abandoned to Stanwyck by Order for Dismissal and Abandonment of Claims
20   entered in such adversary proceeding on July 7, 2010.

21   On March 22, 2011, Namba reported that all assets of Stanwyck's bankruptcy estate had been
     liquidated, there are funds on hand of $61,250, and that his final report as trustee will be
22   submitted shortly. Declaration of Jerry Namba in Response to Court's Order Directing Jerry
     Namba, Trustee, to Show Cause Why He Should Not be Removed as Trustee or, Alternatively,
23   Ordered to File a Report of No Distribution and Discharged as Trustee, and Why Case Should
     Not be Closed filed in Case No. 2:07-bk-19183-PC, <u>In re Steven J. Stanwyck, Debtor</u>, in the
24   United States Bankruptcy Court, Central District of California, Los Angeles Division, on March
     22, 2011, at Dk # 248. The court takes judicial notice that 28 proofs of claim were timely filed in
25   Stanwyck's bankruptcy case totaling $55,150,526.88. Given the administrative expenses that
26   have accrued since the petition date, it appears that the case will be administratively insolvent.

27

1    It is the policy of the Court to discourage vexatious litigation and to provide persons who
are subjected to vexatious litigation with security against the costs of defending against
2    such litigation and appropriate orders to control such litigation.  It is the intent of this rule
to augment the inherent power of the Court to control vexatious litigation and nothing in
3    this rule shall be construed to limit the Court's inherent power in that regard.

4    L..R. 83-8.1[47]  L.R. 83-8.2 further states, in pertinent part:

5    On its own motion or on motion of a party, after opportunity to be heard, the Court may,
at any time, order a party to give security in such amount as the Court determines to be
6    appropriate to secure the payment of any costs, sanctions or other amounts which may be
awarded against a vexatious litigant, and may make such other orders as are appropriate
7    to control the conduct of a vexatious litigant.  Such orders may include, without
limitation, a directive to the Clerk not to accept further filings from the litigant without
8    payment of normal filing fees and/or without written authorization from a judge of the
Court . . . , issued upon such showing of the evidence supporting the claim as the judge
9    may require.

10    L.R. 83-8.2.  In light of the complexity of the purported claims made the basis of Stanwyck's

11    Complaint, the number of defendants named by Stanwyck in the Complaint, the amount of the

12    alleged damages, and the reasonable amount of attorneys fees and costs that may be incurred by

13    each of the 37 named Defendants in defense of the litigation, the court finds that security in the

14    amount of $925,000 is appropriate.

15    V. <u>CONCLUSION</u>

16    For the reasons stated, the court will (1) grant the motions of Defendants, Isabel R.

17    Cohen, Kirsten Jane Stanwyck, Kirsten Stanwyck Living Trust, Jared A. Barry, Steven E. Young,

18    and Freeman, Freeman & Smiley under Rule 12(b)(6) and dismiss Stanwyck's Complaint as to

19    said Defendants with prejudice and without leave to amend; (2) grant the motions of Defendants,

20    Neal Hersh, Joseph Mannis, Judy Bogen, Hersh, Mannis & Bogen, Edward M. Ross, Logan &

21    Blue, Inc., Jeffrey Zabner, Joan C. Stanwyck, Joan Stanwyck Family 2000 Trust, and Joan

22    Stanwyck Family 2002 Trust under Rule 12(b)(6) with leave to amend, subject to the terms of a

23    pre-filing order that will be imposed by the court on Stanwyck as a vexatious litigant; (3) grant

24    

25    [47] In this court, "[a] matter not specifically covered by [the LBRs] may be determined, if
possible, by parallel or analogy to the F.R.Civ.P., the FRBP, or the District Court Rules.  LBR
26    1001-1(e)(1).  Since vexatious litigation in the bankruptcy court is not specifically covered by a
local bankruptcy rule, the court will apply L.R. 83-8.1 through L.R. 83-8.4.

27    

- 33 -

1   the motions of Defendants, Steven M. Lachs, ADR Services, Inc., Dennis N. Brager, John O.

2   Kent, and the Brager Tax Law Group for a more definite statement pursuant to Rule 12(e),

3   subject to the terms of a pre-filing order that will be imposed by the court on Stanwyck as a

4   vexatious litigant; and (4) grant the motions of Defendants, Isabel R. Cohen, Steven E. Young,

5   Freeman, Freeman & Smiley, Jared A. Barry, Jeffrey Zabner, Stephen M. Lachs, ADR Services,

6   Inc., Dennis N. Brager, John O. Kent, and the Brager Tax Law Group seeking security and the

7   imposition of a pre-filing order against Stanwyck as a vexatious litigant.  Stanwyck will be

8   ordered to furnish security in the amount of $925,000 to secure for each of the named Defendants

9   the costs of defending this action, including attorneys fees.  The clerk of this court will be

10  ordered not to accept for filing by or on behalf of Stanwyck any paper that seeks relief (1) under

11  § 362(k) for an alleged violation of the automatic stay or conspiracy to violate the automatic stay;

12  or (2) based upon an Abandoned Claim, absent leave of this court.

13         Separate orders will be entered consistent with this memorandum.

14  DATED: May 20, 2011

15                                      PETER H. CARROLL
                                        United States Bankruptcy Judge

16

17

18

19

20

21

22

23

24

25

26

27

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **_MEMORANDUM DECISION_** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **_5/20/11_**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Susan S Baker    sbaker@nemecek-cole.com
- Jonathan B Cole    jcole@nemecek-cole.com
- Leslie S Gold    LeslieGold@katzlaw.net
- Andrew A Goodman    agoodman@goodmanfaith.com
- David Seror (TR)    kpscion@ecjlaw.com, dseror@ecf.epiqsystems.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Steven J. Stanwyck
225 Montana Ave. #103
Santa Monica, CA 90403

Martin K. Deniston
Wilson,Elser, Moskowitz
555 So. Flower St., Ste 2900
Los Angeles, CA 90071

Edith R Matthai
500 S Grand Ave
Ste 1500
Los Angeles, CA 90071-2609

Lori S Ross
707 North Irena Avenue
Unit A
Redondo Beach, CA 90277

John M Rygh
915 Wilshire Blvd Ste 2100
Los Angeles, CA 90017

☐  Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                 **F 9021-1.1.NOTICE.ENTERED.ORDER**